UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21042-SCOLA/OTAZO-REYES

LENIN FELIZ,

    Plaintiff,
V.

UNITED PARCEL SERVICE, INC.

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR MUTUAL PRODUCTION OF REDACTED BILLING RECORDS FOR IN-CAMERA REVIEW AT THE JUNE 13, 2017 SETTLEMENT CONFERENCE

Pursuant to the Federal Rules of Civil Procedure, as well as, the discretionary powers of this Honorable Court, Plaintiff, LENIN FELIZ ("Plaintiff"), moves this Court for an Order Authorizing the Parties to Produce their Redacted Billing Records for in-camera review at the June 13, 2017 Settlement Conference ("Motion"), and states as follows:

Summary of Relief Requested

1.    Herein, Plaintiff moves for an order requiring that both Plaintiff and Defendant UNITED PARCEL SERVICE ("Defendant" and/or "UPS") produce their redacted billing records for in-camera consideration and review at the Court Ordered June 13, 2017 Settlement Conference (See [DE 68])[1].

2.    In essence, the only issues before this Honorable Court are: (a) Whether Plaintiff is entitled to attorney's fees and costs due to the prejudice suffered as a result of Defendant's violation of the Family Medical Leave Act ("FMLA") and, if so, (b) a Lodestar determination of

---

[1] Despite being set for trial on the Court's June 26, 2017 Trial Docket [DE 12], this Honorable Court entered an Order, *Sua Sponte*, Referring this matter for Settlement Conference [DE 63].

the reasonable amount of attorney's fees and costs owed to Plaintiff by Defendant. (See [DE 55] and [DE 64]).

3. As of the date of this Motion, Defendant continues to contest the issues herein[2].

4. Herein and despite their respective best efforts, the Parties have been unable to come to a settlement agreement on their own accord.

5. In light of the foregoing, an in-camera review of both Parties' redacted billing records is relevant to the issue of the "reasonableness of time expended in this litigation," and will ultimately facilitate the resolution of this matter at the June 13, 2017 Settlement Conference. (See Paton v. GEICO Gen. Ins. Co., 190 So. 3d 1047, 1052 (Fla. 2016) (the Florida Supreme Court held that billing records of opposing counsel are relevant to the issue of reasonableness of time expended in a claim for attorney's fees, and their discovery falls within the discretion of the trial court when the fees are contested).

6. Indeed, Plaintiff believes that requiring the Parties to produce the aforementioned redacted records for in-camera inspection at the June 13, 2017 Settlement Conference is critical to reaching a resolution that day.

7. First, and pursuant to the Paton ruling, the production of time records is relevant to the contested issue of reasonableness of time expended on this matter and, as such, will optimize negotiations at the June 13, 2017 Settlement Conference.

---

[2] In a June 2, 2017 telephone conference with counsel for Defendant, Gabriela Ruiz, Esq., Ms. Ruiz confirmed Defendant's position that it is contesting Plaintiff's entitlement to attorney's fees and costs, in part, because a judgment in Plaintiff's favor has not been entered as required by the Family Medical Leave Act ("FMLA"). She went on to note that, even if entered, the amounts of attorney's fees and costs claimed by the Plaintiff are unreasonable.

8. Second, production will preserve and efficiently utilize this Honorable Court's valuable judicial resources and, third, it will serve to prevent the Parties from incurring unnecessary and additional fees and costs in preparation for the June 26, 2017 Trial herein.

<u>Background</u>

9. The matter before the Court arises out of Plaintiff's March 22, 2016 one-count complaint filed against Defendant, alleging a violation of the Family & Medical Leave Act of 1993 (FMLA) 29 U.S.C. § 26.11, d. seq. (See [D.E. 1]). Specifically, Plaintiff alleges that UPS interfered with his rights under the FMLA by cancelling his and his pregnant wife's health insurance benefits, after he applied for, and Defendant approved, his FMLA leave (See para. 15-20 of [D.E. 1]).

10. Pursuant to the Court's August 4, 2017 Scheduling Order and Order of Referral to Mediation [DE 12] this matter is set for trial on **June 26, 2017**. (emphasis added). ("Scheduling Order").

11. On three (3) separate attempts, Defendant has attempted to obtain a final judgment against Plaintiff in this matter. Specifically:

   a. On January 19, 2017, pursuant to Rules 12(b)(1) and 12(h)(3) in its initial Motion to Dismiss [DE 22] ("Motion to Dismiss");

   b. On February 22, 2017, pursuant to Rule 56 in its Motion for Summary Judgment [DE 39] ("Motion for Summary Judgment").

   c. On May 24, 2017, a second time pursuant to Rules 12(b)(1) and 12(h)(3) in its Renewed Motion to Dismiss Complaint ("Second Motion to Dismiss") [DE 56].

12. On all three occasions, this Honorable Court <u>denied</u> Defendant's attempts.

13. First, on May 10, 2017, this Court entered an Order denying both Defendant's Motion to Dismiss [DE 22] and Defendant's Motion for Summary Judgment [DE 39] [DE 55] ("Order").

14. Second, on May 26, 2017, this Court denied Defendant's Renewed Motion to Dismiss Plaintiff's Complaint [DE 56] [DE 64]. In part, the Court ruled that the Plaintiff's FMLA claim is not moot because Defendant's partial settlement offer did not include an, "[O]ffer to pay prejudgment interest on the damages, nor has or have judgment entered against it [Defendant]"). (See pg. 1 of [DE 64])[3].

15. However, on May 10, 2017, this Court <u>granted, in part</u>, partial summary judgment in Plaintiff's favor [DE 55] and held as follows:

> "Accordingly, the Court grants in part and denies in part the Plaintiff's motion for summary judgment. The Court grants summary judgment on the issue that UPS violated the FMLA by temporarily interrupting the Plaintiff's health insurance while he was on leave. However, the Court declines to grant summary judgment on the issue of whether the Plaintiff was prejudiced by the violation, since there is a genuine issue of material fact concerning Feliz's claim that he incurred $592 in out of pocket expenses as a direct result of the violation."

(See pg. 11, of [DE 55]).

16. On May 26, 2017, this Court entered an additional Order Referring Case to Magistrate for Settlement Conference [DE 63].

---

[3] In its Order, this Honorable Court noted that the controlling Eleventh Circuit case law cited by Defendant was incorrectly argued, as "[S]ettlement offers do not divest the district court of subject matter jurisdiction." <u>Fernandez v. Andy Iron Works, Inc.</u>, 2014 Wage & Hour Cas. 2d (BNA) 163665 (S.D. Fla. 2014) <u>citing</u>, <u>Zinni v. ER Solutions, Inc.</u>, 692 F.3d 1162, 1164 (11th Cir.2012). Specifically, tendering punitive damages only, without providing for the entry of a judgment or an amount for attorney's fees **does not** render a claim moot, pursuant to Rule 12(h)(3). (<u>See</u> <u>Zinni</u>, 692 F.3d at 1167-1164 (reversing the entry of a 12(h)(3) motion to dismiss, "[B]ecause the settlement offers were not for the full relief requested, a live controversy remained over the issue of a judgment and the cases were not moot.").

17.     On June 1, 2017, this Court entered an Order Scheduling Settlement Conference at 9:00 am on June 13, 2017, before the Honorable Alicia M. Otazo-Reyes.  [DE 64].

## LEGAL ARGUMENTS

**I.     The Parties' Redacted Billing Records Should be Brought to the June 13, 2017 Settlement Conference for In-Camera Review, In Order to Determine the Contested Issue of "Reasonable Fees."**

While historically, Florida did not have a bright-line rule as to the discoverability of opposing counsel's attorneys' fees, the Florida Supreme Court in Paton v. GEICO Gen. Ins. Co. recently addressed the issue and ruled broadly in favor of discoverability.  The Paton Court held,

> "We . . . conclude that the billing records of opposing counsel are relevant to the issue of reasonableness of time expended in a claim for attorney's fees, and their discovery falls within the discretion of the trial court when the fees are contested."

Paton., 190 So. 3d at 1052.

In Paton, the plaintiff requested that opposing counsel produce "[a]ny and all time keeping slips and records regarding time spent defending GEICO;" [a]ny and all bills, invoices, and/or other correspondence for payment of attorney's fees for defending GEICO;" and "[a]ny and all retainer agreements between you and/or your respective law firm for defending GEICO…" Id. The defendant objected on the basis that these requests were "privileged and irrelevant," however the Court disagreed, finding that the plaintiff's requests were relevant, and that the records were not privileged.  Id.  The Court explained, "the entirety of the billing records are not privileged, and where the trial court specifically states that any privileged information may be redacted, the plaintiff should not be required to make an additional special showing to obtain the remaining relevant, non-privileged information." Id.

In the case at hand, production of the Parties' redacted billing records for a comparative in-camera review at the June 13, 2017 Settlement Conference is appropriate. In essence, the real issue impeding settlement of this matter are the reasonable amount of attorney's fees and costs incurred by Plaintiff in this litigation[4]. In light of the Florida Supreme Court's ruling in Paton, the redacted timekeeping and billing records of counsel for Defendant are relevant to the determination of the reasonable amount of attorneys' fees and costs incurred by Plaintiff herein. As in the Paton matter, the Defendant herein contests Plaintiff's entitlement to reasonable attorney's fees and costs[5]. Indeed, a determination of the reasonableness of time spent on this litigation will be critical to reaching a settlement at the Settlement Conference.

In addition, an in-camera review of the billing records will expedite the settlement negotiations and allow the parties to focus their time on the matter at hand: the reasonableness of time expended in this matter. This course of action is critical for the parties to engage in at the June 13, 2017 Settlement Conference, as the parties are set for Trial before this Honorable Court on June 26, 2017. As such, any steps that can be taken to increase the likelihood of reaching a resolution at the June 13, 2017 Settlement Conference will limit the additional attorney's fees and costs incurred in preparing for Trial herein.

---

[4] In its May 26, 2017 Order, this Court denied Defendant's Renewed Motion to Dismiss Plaintiff's Complaint [DE 56] on the basis that Defendant's, "[T]endering to the Plaintiff a check in the amount of $1,186.00, which represents the amount of Plaintiff's alleged out-of-pocket damages and an equal amount of liquidated damages did not moot the case as Defendant did not also offer pre-judgment interest, attorneys fees and costs and the entry of a judgment against Defendant." (See pg. 1 of [DE 64]). However, it should be noted that the Court's Order [DE 55] granting Plaintiff's Summary Judgment was partial. The issue of whether Plaintiff was prejudiced as a result of Defendant's interference remains a question for the trier of fact. (See [DE 55]).

[5] Defendant, through its counsel, has objected and contested Plaintiff's entitlement to attorney's fees and costs both telephonically and in writing. It should be noted that the writing was not attached hereto as it was served on June 2, 2017 under the cover of a "privileged and confidential settlement" communication.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

## II. Production of the Parties' Redacted Billing Records Will Aid Plaintiff in Establishing the Reasonable Hours Incurred in This Matter.

In determining whether a party has requested reasonable attorneys' fees, the Court looks at the lodestar calculation, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. SunTrust Bank v. Ruiz, No. 1421107CIVLENARDGOOD, 2016 WL 4006665, at *4 (S.D. Fla. Mar. 7, 2016); Cline v. Home Quality Mgmt., Inc., No. 01-9016-CIV-MOORE, 2005 WL 1972539, at *2 (S.D. Fla. July 26, 2005).

In explaining its ruling in the Order granting the production of a retainer agreement for legal services, the Court in MUNB Loan Holdings cited a State Court which held, "[B]illing information that does not reveal mental impressions and opinions of counsel is not privileged." MUNB Loan Holdings, LLC v. Y. Judd Shoval, No. 12-20305-CIV, 2013 WL 12092517, at *3 (S.D. Fla. Mar. 1, 2013 (citing Finol v. Finol, 869 So. 2d 666 (Fla. 4th DCA 2004)). In Paton, the trial court ordered the production of the opposing counsel's billing information, but permitted the redaction of privileged information. Paton, 190 So. 3d at 1052.

Herein, Plaintiff proposes that both parties make their billing records available to the Court, to serve as a comparative aid to assist in determining the reasonable hours spent litigating the case, and reasonable fees for same. In accordance with the MUNB and Paton rulings, the Plaintiff herein is cognizant that timekeeping records may contain privileged or confidential information. For that specific reason, the Plaintiff herein is requesting that both Parties redact the privileged information from their respective billing records. Plaintiff requests that in the interest of fairness, the parties each bring to the June 13, 2017 Settlement Conference a redacted record of their billing that

includes hours expended throughout this litigation, and the corresponding hourly fees of counsel and their employees.

Indeed, Plaintiff's counsel is of the belief that, in light of the litigious nature of this matter, its hours spent on this litigation was reasonable. Since filing and serving its Complaint [DE 1] on March 22, 2016 and throughout this litigation, the Parties have filed one (1) Complaint, one (1) Answer and Affirmative Defenses [DE 10], two (2) Motions to Dismiss [DE 22 & 56], two (2) Motions for Summary Judgment [DE 39 & 41], two (2) Motions to Compel Amended Responses to Discovery [DE 23 & 24], one (1) Motion to Compel Deposition Dates [DE 26], one (1) Motion to Strike Plaintiff's Affidavit [DE 47], one (1) Motion in Limine [DE 54], one (1) Notice of Good Faith Attempt to Comply with Scheduling Order [DE 12] [DE 57], one (1) Motion for Status Conference [DE 58], two (2) Unilaterally Filed Pre-Trial Stipulations with Witness and Exhibit Lists [DE 57, 65, 66 & 67], and all responses/replies thereto. In addition, the Parties have served two (2) sets of Interrogatories, served two (2) Requests for Production, attended five (5) depositions, attended one (1) hearing on Plaintiff's Motion to Compel Amended Responses to Discovery, attended one (1) Mediation and have commenced preparing for the June 26, 2017 Trial in compliance with the Court's Scheduling Order [DE 12]. Of course, the foregoing does not include the countless hours the Parties spent meeting/communicating with each other and with their respective Clients in reference to this litigation.

Herein, should there be a disagreement as to the reasonableness of Plaintiff's counsel's fees at the June 13, 2017 Settlement Conference, the presence of the mutual billing records at the will serve to expedite a fair agreement between the parties. Indeed, and pursuant to Local Rule 7.3(a), "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's

hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate."

As such, should Defendant's counsel contest the reasonableness of undersigned counsel's hours, or its hourly rate, Plaintiff welcomes the opportunity to compare both parties' redacted billing records during an in-camera review.

### **CONCLUSION**

In the interest of increasing the probability of achieving a fair settlement, limiting additional fees incurred in preparing for the June 26, 2017 Trial and in the spirit of promoting judicial economy, the Plaintiff respectfully requests that this Court Order the mutual submission of both parties' redacted billing records for in-camera review at the June 13, 2017 Settlement Conference. As in the ruling in Paton, the redacted billing records sought herein by Plaintiff are relevant to the issue of determining the reasonableness of attorneys' fees and costs incurred in this litigation. As Plaintiff seeks to ensure privilege by both parties, any and all records produced should be redacted to preserve any privilege material.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, and pursuant to Southern District of Florida Local Rule 7.3, movant counsel hereby certifies that a good faith effort to obtain said records, and a good faith attempt to resolve the dispute over attorney's fees, have been made prior to the filing of this Motion.

WHEREFORE Plaintiff, LENIN FELIZ, respectfully requests that this Court enter an Order (a) granting this Motion; (b) requiring that the Parties bring their redacted billing records for in-camera inspection at the June 13, 2017 Settlement Conference; and (c) that this Court grant any other relief it deems proper.

**Hudson & Calleja, LLC**
355 Alhambra Circle, Suite 801, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

Respectfully submitted

/s/ José A. Socorro
**JOSÉ A. SOCORRO**
Florida Bar No.: 011675
*Counsel for Plaintiff*
**HUDSON & CALLEJA, LLC**
355 Alhambra Circle, Suite 801
Coral Gables, Florida 33146
Telephone: (305) 444-6628
Facsimile: (305) 444-6627
jsocorro@hudsoncalleja.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served on all parties identified on the attached Service List on this this 6th day of June, 2017.

By:/s/ José A. Socorro
**JOSÉ A. SOCORRO**
Florida Bar No.: 011675

## SERVICE LIST
### CASE NO.: 16-CV-21042-SCOLA/OTAZO-REYES

**Counsel for Defendants:**
Gabriela M. Ruiz, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500
(305) 789- 7799 (fax)
Gabriela.ruiz@hklaw.com